MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff and Debtor and
Debtor-in-Possession,
TIARA TOWNHOMES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ROCKPORT DEVELOPMENT, INC, a California corporation,<br><br>        Debtor and Debtor-in-Possession.<br><br>☐   ALL DEBTORS<br><br>☐   Rockport Development, Inc., ONLY<br><br>☒   Tiara Townhomes, LLC, ONLY<br><br>TIARA TOWNHOMES, LLC, a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>EVERWIN INVESTMENT, INC., a California corporation,<br><br>        Defendant. | Case No. 8:20-bk-11339-SC<br><br>Chapter 11<br><br>(Jointly administered with Case No. 8:20-bk-11683-SC)<br><br>Adv. No. 8:20-ap-01128-SC<br><br>REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1 TO LIMIT DEFENDANT'S (1) EVIDENCE IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) TRIAL EVIDENCE TO INFORMATION AND DOCUMENTS DISCLOSED AND PRODUCED BEFORE DISCOVERY CUTOFF<br><br>Hearing:<br>Date:     August 18, 2021<br>Time:    11:00 a.m.<br>Ctrm.:   5C – **Via ZoomGov**[1] |

---

[1] Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC. For more details on appearing via ZoomGov, please see the "Notice of Video and Telephonic Appearance Procedures" in the Telephonic Instructions section of Judge Clarkson's webpage.

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE DEFENDANT, AND ALL INTERESTED PARTIES:

3        TIARA TOWNHOMES, LLC, a California corporation, Plaintiff and Debtor, ("Plaintiff" or

4  "Tiara") submits this reply in support of Plaintiff's Motion *in Limine* to Limit Defendant's: (1)

5  Evidence in Response to Plaintiff's Motion for Summary Judgment; and (2) Trial Evidence to

6  Information and Documents Disclosed and Produced Before Discovery Cutoff ("Motion"), filed on

7  July 22, 2021, as Dk. No. 23.

8             **MEMORANDUM OF POINTS AND AUTHORITIES**

9  **1.    Summary Argument**

10        As noted in the Motion, "[a]n important purpose of discovery is to reveal what evidence the

11  opposing party has, thereby helping to determine which facts are undisputed … and which facts must

12  be resolved at trial."[2] Here, Defendant (1) served subpoenas in the *final* hour; (2) *failed* to enforce

13  compliance with the subpoenas; (3) did not move to amend this Court's Scheduling Order to allow

14  for responses to its subpoenas; (4) responded to Plaintiff's written discovery request on June 30,

15  2021 - the *last* day to conduct discovery; (5) *failed* to produce documents to Plaintiff as required by

16  the Federal Rules of Civil Procedure prior to the expiration of the discovery cutoff date[3]; and (6)

17  stated that it was in the process of subpoenaing further documents which it would rely on to support

18  its affirmative defenses – all *after* the discovery cutoff date. Indeed, in the past 10 days Defendant

19  has issued additional subpoenas to third parties in clear violation of the this Court's Scheduling

20  Order (Plaintiff will be filing a motion to quash).

21        Based on the above actions/inactions by Defendant, Plaintiff filed a motion for summary

22  judgment. In order to protect notions of fairness, Plaintiff now seeks an order (i) limiting evidence

23  used in response to motion to the evidence produced during discovery (and prior to the discovery

24  cutoff date); (ii) limiting any evidence presented by Defendant at trial to evidence produced during

25  discovery (and prior to the discovery cutoff date).

26

27

28

---

[2] *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004).
[3] *See*, Motion, Grimshaw Decl., Ex. 22.

## 2.    Argument

### A.    The Fact That it is a Bench Trial Versus Jury Trial Is a Red Herring Which Does Not Absolve Defendant of Its Discovery Obligations

In the Opposition, Defendant advances the argument that – "[b]ecause this is a bench trial the need for an advance ruling is "superfluous" and "unnecessary." Opposition., 8:4-7. Citing to an unbinding District of New York authority - *Serby*[4] - the Opposition asserts "the risk of juror confusion or potential prejudice is not a factor in a bench trial, negating the usefulness of motions in limine." Opposition, 8:7-9. But the Opposition conveniently omits that the above proposition was in the context of evaluating *expert witness testimony* under the *Daubert* standards:

> "Moreover, "[i]n the context of a bench trial where there is not a concern for juror confusion or potential prejudice, the [C]ourt has considerable discretion in admitting the proffered [expert] testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Daubert* and its progeny." *Id.* at 457.

*Serby v. First Alert, Inc.*, No. 09-CV-4229 (WFK) (VMS), 2015 U.S. Dist. LEXIS 95612, at *3 (E.D.N.Y. July 22, 2015).

Indeed, the *Serby* case is factually distinguishable because it does not involve Defendant's failure to timely serve document subpoenas nor where a Defendant failed to produce documents despite ongoing discovery obligations. Separately, the *Watkins*[5] decision is an unpublished authority citing to the 9th Circuit decision of *Heller* for the same proposition as *Serby* – that because this is a bench trial there is no reason to make a premature ruling on evidence. But again, this is simply not the case.

Here, prejudice *exists* as there is no way of preparing a pre-trial stipulation without knowing what the world of evidence is going into trial. Indeed, the most compelling reason to rule on this instant Motion now is to aid the parties in drafting the joint pre-trial stipulation. The "not now later" argument will only further delay the efficient conclusion of this case. Separately, although Defendant's opposition seems to be primarily concerned about bank records, the only financial

---

[4] *Serby v. First Alert, Inc.*, No. 09-CV-4229 (WFK) (VMS), 2015 U.S. Dist. LEXIS 95612 (E.D.N.Y. July 22, 2015).
[5] *Watkins v. Mkt. Express Transp. (In re Watkins)*, 343 F. App'x 245 (9th Cir. 2009).

1  institution subpoenaed is the one that responded timely – which documents Defendant did not

2  produce to Plaintiff. As for the remaining recipients, Sotheby's is a realtor and Chicago Title did the

3  closing for the Sherbourne property. Neither of these subpoenas are going to give Defendant bank

4  statements proving anything to advance its positions and/or affirmative defenses.

5      **B.      Defendant admits that it was not diligent in obtaining discovery**

6          **despite the discovery cut-off being set over 6 months prior.**

7          Sluggish movement by Defendant in discovery does not excuse compliance with this Court's

8  orders. Without exception, the Court's Scheduling Order specifically provided: ". . . ***the last day for***

9  ***discovery to be <u>completed</u>, including receiving responses to discovery requests, is <u>June 30, 2021</u>***,

10  which is the date by which all discovery motions must be heard and resolved." *See* Motion,

11  Grimshaw Decl., Ex. 16, pg. 1023, ¶3(f). Emphasis added. No action was taken by Defendant in

12  January, February, March or April. Rather than act expeditiously, Defendant delayed service of its

13  subpoenas until May– 45 days before the discovery cut-off. Yet now Defendant requests it not be

14  penalized for its own lack of due diligence. This Court should not acquiesce to this request

15  particularly since it prejudices Plaintiff. If Defendant had not tried to use the documents that were

16  not produced to Plaintiff in its response to Plaintiff's Motion for Summary Judgment ("MSJ")

17  perhaps no legal prejudice would have been suffered. But because Defendant affirmatively utilized

18  the unproduced documents in its response against Plaintiff, there is clear legal prejudice to Plaintiff.

19  At minimum, Defendant is in violation of the Court's Scheduling Order, and allowing it to use the

20  documents in connection with Plaintiff's MSJ is clearly prejudicial to Plaintiff.

21      **C.      Defendant Still Has Failed To Provided Copies of Documents of**

22          **What It Intends To Use At Trial Despite Its Duty To Supplement**

23          **Under the Federal Rules. Thus, Precluding Defendant's Use of the**

24          **Undisclosed Documents is Appropriate.**

25          In the Motion, Plaintiff argued that the combination of Rule 26(a), 26(e), 37(c) of the Federal

26  Rules of Civil Procedure ("FRCP")[6] precluded Defendant from attempting to admit documents due

27

28  _____

[6] Made applicable in bankruptcy cases by Rules 7026 and 7037 of the Federal Rules of Bankruptcy
Procedure ("FRBP").

to untimeliness and non-disclosure to Plaintiff. In response, Defendant argued in the Opposition: (a) FRCP 26 was not violated because the unproduced documents were not in its possession, custody or control but in the possession of a third parties (Sothebys, WFG, or Chicago Title); thus (b) as a result because FRCP 26 was not violated the documents cannot be excluded vis-a-vis FRCP 37. However, such an argument fails as it is premised on a false assumption - that no tools were available to Defendant to obtain the documents sooner. Not only could Defendant have served the subpoenas five months earlier, but it could have sought to *enforce* the subpoenas in the event of non-compliance with the aid of this Court. But neither of those actions were undertaken by Defendant.

As noted in FRCP 26, there is an ongoing requirement to supplement. If Defendant intended to use the documents in any way shape or form, then they had to be produced. Plainly put, there is no showing of due diligence has been made that excuses compliance with the rules and orders of this Court. Importantly, Defendant was on notice that its actions/inaction were subject to consequences. Specifically, the Scheduling Order provides "[t]he parties are specifically advised to cooperate and follow all local and federal rules. **The failure to do so may subject the offending party to monetary and/or non-monetary sanctions**, including the striking of the answer or dismissal of the complaint." *See* Motion, Grimshaw Decl., Ex. 16, pg. 1023, ¶3(m). Bottomline, Defendant has not provided any information or documents under FRCP 26(a), and therefore is in violation of the Scheduling Order subjecting it to this Motion.

## 3.    Conclusion

For the reasons in the Motion and as set forth above, and based on fairness and orderly conduct of the proceedings, Plaintiff respectfully requests this Court to exclude the introduction of documents by Defendant at trial which were not previously identified or produced during discovery.

Dated:  August 11, 2021                    MARSHACK HAYS LLP

/s/ Laila Masud

By:_____
     MATTHEW W. GRIMSHAW
     DAVID A. WOOD
     LAILA MASUD
     Attorneys for Plaintiff and Debtor and
     Debtor-in-Possession,

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*):REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1
TO LIMIT DEFENDANT'S (1) EVIDENCE IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
(2) TRIAL EVIDENCE TO INFORMATION AND DOCUMENTS DISCLOSED AND PRODUCED BEFORE DISCOVERY
CUTOFF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d);
and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**August 11, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **ATTORNEY FOR DEFENDANT EVERWIN INVESTMENT, INC.:** Elan Darvish Elan@Darvishfirm.com,
  Elan.Darvishfirm@Gmail.com
- **ATTORNEY FOR PLAINTIFF TIARA TOWNHOMES, LLC:** Matthew Grimshaw
  mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT EVERWIN INVESTMENT, INC.:** Long Z Liu office@theliulawfirm.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR PLAINTIFF TIARA TOWNHOMES, LLC:** David Wood dwood@marshackhays.com,
  dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 11, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
**VIA PERSONAL DELIVERY: PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130
SANTA ANA, CA 92701-4593                          ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 11, 2021  Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date    Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.